**Lichine KOTT, Plaintiff—Appellant,**

v.

**Donald RUMSFELD, Secretary, Department of Defense, Army and Air Force Exchange Service, Defendant—Appellee.**

No. 02–35368.

D.C. No. CV–00–00192–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2003.

Decided Sept. 4, 2003.

Richard W. Wright, Fairbanks, AK, Lichine Kott, pro se, Eagle River, AK, for Plaintiff-Appellant.

Marleigh Dover, Katherine S. Dawson, U.S. Department of Justice, Washington, DC, for Defendant-Appellee.

Before PREGERSON, CANBY, and McKEOWN, Circuit Judges.

MEMORANDUM *

Plaintiff Lichine Kott filed suit against Defendant Army and Air Force Exchange Service ("AAFES") alleging discrimination based on her national origin in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e–17, and her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634. AAFES moved for summary judgment, and the district court granted the motion, finding that Kott had failed to prove that AAFES's reasons for its actions were a pretext for discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Kott appealed after receiving an extension of time from the district court to file a notice of appeal. *See* Fed. R.App. P. 4(a)(5).

As an initial matter, AAFES argues that the district court abused its discretion in applying the wrong legal standard when it granted Kott's motion for an extension of time to file her notice of appeal. The district court order reveals that it applied the correct standard, and we conclude it did not abuse its discretion.

Kott argues on appeal that she provided sufficient evidence of pretext to create a triable issue of fact. She offers as evidence actions by her immediate supervisor reflecting some sort of dislike of her. However, the record contains no evidence that her supervisor in any way affected the decision making process. Even if her supervisor affected the decision making process, Kott still fails to create a triable issue of fact as to whether her supervisor's dislike of her was because of Kott's age or national origin.

We conclude that the district court correctly granted summary judgment in favor of AAFES because Kott has failed to raise a triable issue of fact as to how AAFES's actions were a mere pretext for discriminating against her based on her age and/or national origin.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.